SULLIVAN, Judge
(concurring):
I agree with the majority’s resolution of the granted issues. Long ago, in. my separate opinion in United States v. Boyett, 42 MJ 150, 160-61 (1995) (Sullivan, J., concurring in the result), I concluded that a custom or regulation was not constitutionally required for a valid prosecution under Article 133, UCMJ. I said:
III
FAIR NOTICE THAT CONDUCT VIOLATED ARTICLE 133
47. The second issue in this case is whether appellant was provided fair notice that his conduct was a crime under Article 133. Clearly, Parker v. Levy, [417 U.S.] at 755-57, 94 S.Ct. at 2561-62, provides that at least constructive notice of the criminality of a servicemember’s conduct is required by the Due Process Clause of the Fifth Amendment. Such notice can be shown by proof of an authoritative court decision including such conduct as punishable under Article 133; a provision of the Manual for Courts-Martial explaining conduct as a violation of Article 133; or a custom of the service prohibiting such conduct or any other circumstance which would establish that a servicemember would have no reasonable doubt that his conduct was unbecoming an officer. Id. In United States v. Johanns, 20 MJ at 161, this Court simply held that Captain Johanns in 1982 did not have adequate notice from any of the above sources or anywhere else that his conduct was proscribed under Article 133.
Those circumstances exist in this case, where appellant’s conduct with a female subordinate officer clearly undermined his status as head of his squadron. See United States v. Frazier, 34 MJ 194 (CMA 1992) (officer undermined his ability to lead by open and overly familiar relationship with enlisted man’s wife). An obvious leadership failure existed in this case, which was not only observed by subordinates but was expressly called to appellant’s attention by them. Accordingly, appellant’s prosecution for this Article 133, UCMJ, offense was constitutionally proper.